IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LAUREN JADE HUNTER,               )
                                  )
            Plaintiff,            )
                                  )
v.                                )    Case No. CIV-20-225-RAW-KEW
                                  )
COMMISSIONER OF THE SOCIAL        )
SECURITY ADMINISTRATION,          )
                                  )
            Defendant.            )

## REPORT AND RECOMMENDATION

Plaintiff Lauren Jade Hunter (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was

---

[1]  Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R.  §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 28 years old at the time of the ALJ's decision. Claimant completed her education through the eleventh grade. Claimant has worked in the past as a waitress and fast food worker. Claimant alleges an inability to work beginning January 1, 2009

3

which was amended at the hearing to December 21, 2017 due to limitations resulting from depression, anxiety, and post-traumatic stress disorder ("PTSD").

## Procedural History

On December 21, 2017, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On May 30, 2019, Administrative Law Judge ("ALJ") Doug Gabbard, II conducted an administrative hearing in McAlester, Oklahoma. On July 24, 2019, the ALJ issued an unfavorable decision. On May 1, 2020, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform a full range of work at all exertional levels with non-exertional limitations.

## Error Alleged for Review

Claimant asserts the Appeals Council failed to properly

4

consider new and material evidence, which Claimant contends
warranted remanding the case to the ALJ or an award of benefits.
Claimant also alleges the ALJ committed error in (1) failing to
reach an RFC that is unsupported and failed to perform a proper
evaluation at step five; and (2) failing to perform a proper
consistency determination.

### Appeals Council Consideration of New Evidence

In his decision, the ALJ determined Claimant suffered from
the severe impairments of depression, bipolar/schizo-affective
disorder, ADHD, generalized anxiety disorder, panic disorder with
agoraphobia, personality/impulsive disorder, and PTSD. (Tr. 12).
The ALJ concluded that Claimant retained the RFC to perform a full
range of work at all exertional levels. He also found Claimant
suffered from non-exertional limitations that a full range of
unskilled work which is learned by rote with few variables and
little judgment required; supervision must be simple, direct, and
uncritical; interpersonal contact with supervisors and co-workers
must be incidental to the work performed, e.g. assembly work; she
could adapt to a routine work situation, but she must not be
required to work at fast paced production line speeds and she must
have normal, regular work breaks; she should have only occasional,

gradually introduced workplace changes; and she should have no contact with the general public. (Tr. 14).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of Inspector and Hand Packager and Laundry Worker I, both of which were found to exist in sufficient numbers in the national economy. (Tr. 19). As a result, the ALJ found Claimant was not disabled since December 21, 2017, the date that the application was filed. (Tr. 20).

Claimant contends that the Appeals Council failed to consider new and material evidence which would have warranted a remand to the ALJ. Claimant provided the Appeals Council with the Mental Status Form and Mental Residual Functional Capacity Assessment dated July 13, 2019 which were completed by a treating psychiatrist, Dr. Theresa Farrow after examining Claimant on May 16, 2019. (Tr. 30-35). The Appeals Council determined that "this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." (Tr. 2).

Additional evidence should only be considered if it is new, material, and chronologically pertinent. 20 C.F.R. § 416.1470(b). Evidence is new "if it is not duplicative or cumulative," and it

is material "if there is a reasonable possibility that it would have changed the outcome." Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003). Evidence is chronologically pertinent if it relates to the time period on or before the ALJ's decision. Id.

It would appear that Dr. Farrow's reports constitute "new" evidence since it is not duplicative of the evidence in the record and it is chronologically pertinent since it relates to the time period before the ALJ's decision. The question for this Court on review of the record is whether the evidence is "material"; that is, would a reasonable ALJ have changed the outcome of the decision when considering this new evidence and the remainder of the record?

Dr. Farrow, Claimant's treating mental health professional, provided reports that are hard to read due to poor handwriting. From what can be derived from a review of the forms, she notes Claimant is "slightly hyperactive" with fair eye contact and problems with agoraphobia such that she has trouble getting out of the house. She was awake, alert, with intact orientation and memory. Dr. Farrow found Claimant to have problems with attention and concentration and, at times, has hallucinations and paranoia. Dr. Farrow also found Claimant to have severe depression and anxiety with difficulty in attention and concentration as well as

trouble leaving her house due to panic disorder with agoraphobia. (Tr. 30). She found Claimant needed ongoing therapy and meds management. She could remember, comprehend, and carry out simple/complex instructions on an independent basis but did not respond appropriately to work pressure, supervision, and co-workers. (Tr. 31).

With regard to mental impairments, Dr. Farrow diagnosed Claimant with bipolar disorder, mixed, severe, with psychotic features; panic disorder with agoraphobia; ADHD combined type; generalized anxiety disorder; opioid and benzodiazepine abuse (in full remission); methamphetamine abuse (in full remission); histrionic personality disorder; borderline personality disorder; and seizure disorder. She found Claimant's current GAF and highest GAF in a year to be 45. (Tr. 32). Although the form is somewhat garbled, the Mental RFC form completed by Dr. Farrow indicates she believed Claimant had a "frequent" limitation in the ability to accept instructions and respond with the remainder the form's limitation unintelligible. (Tr. 34).

Dr. Farrow's treatment records were contained in the medical record for review by the ALJ at the time of his decision. These records indicate consistency with the two reports received by the

Appeals Council.  Claimant was noted to be depressed and anxious with logical thought processes, coherent speech, intact associations, with no suicidal or homicidal ideations, hallucinations or delusions.  (Tr. 294).  Dr. Farrow noted that Claimant had intact judgment with fair insight and impulse control. She was found to be oriented to person, place, time, and present situation with intact recent memory and good remote memory. Claimant's concentration was fair and her fund of knowledge was good.  (Tr. 295).  These findings varied somewhat but were remarkably consistent throughout Dr. Farrow's limited treatment of Claimant.  (Tr. 300-01, 302-03).

Because these treatment records were available in the record at the time the ALJ reached his decision and those treatment records by Claimant's own admission formed the basis for the Mental Status Form and Mental RFC, this Court cannot conclude that the Appeals Council erred in its finding that the evidence failed to show a reasonable probability that the outcome of the decision would have been changed as a result of the additional reports. The ALJ had the basis for Dr. Farrow's conclusions at his disposal in the treatment records.  The forms subsequently submitted do not alter the clinical findings in the treatment records.

9

## RFC Determination

Claimant contends that the Agency reviewers found he had marked limitations in the functional areas of understanding, remembering, and carrying out detailed instructions but that the ALJ failed to adequately account for this limitation in the RFC or the hypothetical questioning of the vocational expert. Claimant states that the reasoning level of the jobs of inspector and hand packager and laundry worker I requires the ability to understand and carry out detailed instructions which exceeds Claimant's RFC.

Both representative jobs identified by the vocational expert require a reasoning level of 2. DOT #559.687-074; DOT #361.684-014. Reasoning level 2 requires a claimant to "[a]pply commonsense understanding to carry out detailed but uninvolved written instructions. Deal with problems involving a few concrete variables in or from standardized situations." This appears to be entirely consistent with both the limitations upon understanding, remembering, and carrying out detailed instructions found by the reviewers and the ALJ's RFC limitation to "unskilled work which is learned by rote with few variables and little judgment required." *See* Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005)("This level-two reasoning appears more consistent

with Plaintiff's RFC." (restricting Plaintiff to simple routine work).)

Claimant also contends the hypothetical questioning of the vocational expert and the RFC contain limitations not found in the DOT. There is no requirement that the RFC contain only those restrictions found in the DOT. The ALJ is tasked with assessing Claimant's RFC. 20 C.F.R. § 416.946(c). The ALJ accurately reflected the RFC in the hypothetical questioning of the vocational expert and could rely upon the testimony in reaching his decision at step five. This Court finds no error in the questioning of the vocational expert.[2]

### Subjective Symptom Evaluation

Claimant contends the ALJ failed to adequately and accurately evaluate her subjective symptoms.[3] It is well-established that

---

[2] Claimant also makes a reference to the insufficient number of jobs available should the Laundry Worker I job be eliminated. Because the hypothetical questioning was appropriate, this Court need not address this argument because the identified job is not eliminated. This Court is unwilling to conclude that a job in which 80,000 exist is insignificant. *See e.g.*, Rogers v. Astrue, 2009 WL 368386, 4 (10th Cir.)(testimony by vocational expert of 11,000 hand packager jobs in the national economy could be relied upon by the ALJ as substantial evidence to support a finding of non-disability).

[3] For claims made after March 27, 2017, Soc. Sec. R. 96-7p was replaced by Soc. Sec. R. 16-3p in evaluating a claimant's subjective symptoms. Both rulings rely upon the same factors in evaluating a claimant's subjective assertions as to the effect of their condition. The new ruling only makes clear that it is not reflecting upon a claimant's character, thus eliminating the term "credibility".

"findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 16-3p, 2016 WL 1119029, at *7.

The ALJ relied upon appropriate factors in evaluating

Claimant's subjective statements of her symptoms. The nature of Claimant's treatment, the objective medical testing, and the inconsistencies between the claimed restrictions and Claimant's activities all form specific and legitimate reasons for the ALJ's questioning of Claimant's credibility. Claimant's protestations that the ALJ "stressed" her non-compliance with medication prescribed for her has no merit. The ALJ stated a fact in the medical record which formed a partial basis for his opinion concerning Claimant's subjective statements. (Tr. 17, 332). This analysis was entirely appropriate.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on

such findings.

DATED this 13th day of September, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE